SLIP OPINION

Cite as 2017 Ark. 118

# SUPREME COURT OF ARKANSAS

No. CR-16-125

| | |
|---|---|
| ARTHUR L. HICKS, JR.<br>APPELLANT | **Opinion Delivered** April 6, 2017 |
| V. | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. CR-2014-076] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID G. HENRY, JUDGE |
| | REBRIEFING ORDERED. |

## PER CURIAM

On July 2, 2015, Arthur L. Hicks, Jr. was convicted of capital murder by an Arkansas County Circuit Court jury. Pursuant to Ark. Code Ann. section 5-10-101(c)(1)(B)(2) (Repl. 2013), the circuit court sentenced Hicks to life imprisonment with the possibility of parole in 28 years. Hicks timely appealed to this court. Hicks's conviction and sentence stem from the July 22, 2014 robbery or attempted robbery and death of Daniel Ruffin. From his conviction and sentence, Hicks appeals and presents two issues on appeal: (1) the circuit court erred in permitting hearsay testimony of the emergency medical technician under a hearsay exception and (2) the circuit court erred in denying Hicks's motion for directed verdict as the evidence was not sufficient to sustain the conviction for capital murder.

We do not reach the merits of Hicks's arguments, however, because his brief does not comply with Arkansas Supreme Court Rule 4–2(a) (2016). Rule 4-3(i) of the Rules of the Supreme Court requires review for all errors prejudicial to the appellant and requires that the appellant must abstract, or include in the addendum, as appropriate, all rulings adverse to him

SLIP OPINION

or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The attorney general will make certain and certify that all of those objections have been abstracted, or included in the addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Here, the attorney general's office has failed to certify its review pursuant to this rule and states that Hicks "did not abstract, or include in the addendum all rulings adverse to him by the circuit court, apparently on the belief that the rule does not apply to a life sentence with the possibility of parole. Accordingly, the State is unable to comply with its obligation under Arkansas Supreme Court Rule 4–3(i) to examine the transcript and appellant's abstract and addendum to ensure that all rulings adverse to him have been abstracted or included in an addendum for the Court's review."

Accordingly, pursuant to Ark. Sup. Ct. R. 4-2(b)(3), Hicks is directed to file a substituted abstract, addendum, and brief with our clerk within thirty days from the date of this per curiam. After service of the substituted brief, the State shall have 15 days to file a responsive brief, including its certification of review pursuant to Rule 4–3(i).

Rebriefing ordered.